```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION


ANDREW CORPUS,

                 Plaintiff,

vs.                                  Case No.  2:12-cv-36-FtM-29DNF

LUCY HADI; TIMOTHY BUDZ; GEORGE
EMANOILIDIS; BRIAN MASONY,

                 Defendants.
_____
```

## ORDER OF DISMISSAL

This matter comes before the Court upon review of the file. Plaintiff Andrew Corpus is civilly detained pursuant to Florida's Involuntarily Civil Commitment of Sexually Violent Predator's Act[1]

---

[1] The Florida legislature enacted the Sexual Violent Predators Act (hereinafter "SVP Act" or the "Act"), Fla. Stat. §§ 394.910 et. seq., by which a person determined to be a sexually violent predator is required to be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." § 394.917(2). The Act was promulgated for the dual purpose "of providing mental health treatment to sexually violent predators and protecting the public from these individuals." Westerheide v. State, 831 So. 2d 93, 112 (Fla. 2002); Kansas v. Hendricks, 521 U.S. 346 (1997)(holding that the Kansas Sexually Violent Predator Act did not establish criminal proceedings, and involuntary confinement pursuant to the Act was not punitive). Civil commitment under the Act involves several steps. First, the Act requires a mental evaluation of any person who has committed a sexually violent offense and is scheduled for release from prison or involuntary confinement. See generally Fla. Stat. § 394.913. The evaluation is conducted by a multi-disciplinary team of mental health professionals who must determine

(continued...)

in the Florida Civil Commitment Center (hereinafter "FCCC") and is proceeding pro se. Plaintiff initiated this action by filing a Civil Rights Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding on his Amended Complaint (Doc. #12, Amended Complaint).

**I.**

Despite Plaintiff's non-prisoner status, the Complaint remains subject to initial review under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[2] Pursuant to 28 U.S.C. § 1915, the Court is required to

---

[1](...continued)
whether the individual meets the definition of a "sexually violent predator." After the evaluation, the state attorney may file a petition with the circuit court alleging that the individual is a sexually violent predator subject to civil commitment under the Act. Id. If the judge determines that probable cause exists that the individual is a sexually violent predator, then the judge will order the individual to remain in custody. Id. § 394.915. Thereafter, a jury trial, or a bench trial if neither party requests a jury trial, will commence. Id. If the jury finds that the individual is a sexually violent predator by clear and convincing evidence, then the individual will be committed to the custody of the Department of Children and Family Services for "control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Id. § 394.917.

[2]The Court recognizes that certain portions of the Prison Litigation Reform Act are not applicable to Plaintiff as a civil detainee. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). The United States Court of Appeals for the Eleventh Circuit previously found that a district court did not err by dismissing a Complaint filed by a civil detainee for failure to state a claim under the in forma pauperis statute, 28 U.S.C. Section 1915 (e)(2)(B). Id. at 1260. Other Courts have also found that section 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).

review Plaintiff's Amended Complaint to determine whether the complaint is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied sua sponte and at any time during the proceedings. The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)

A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

## II.

The Amended Complaint names the former Secretary for the Department of Children and Families ("hereinafter "DCF"), Lucy Hadi; FCCC Director, Timothy Budz; FCCC Clinical Director, George

Emanoilidis; and counsel for the FCCC, Brian Masony, in their official capacities. Amended Complaint at 3; see also Id. at ¶ 9 (stating "this punishment actually represent[s] the DCF corporation policy or practice and not just a particular DCF official violating the rule.").

To the extent discernable, Plaintiff challenges DCF's and GEO's authority to promulgate any rules or policies to operate the FCCC resulting in his "prolonged lock down" at the FCCC. Id. at ¶¶ 5, 7. Plaintiff specifically challenges a policy he calls "PRG-11," which appears to be a policy promulgated at the FCCC regarding issuance of disciplinary reports. Id. at ¶¶ 5, 8. Plaintiff states that he is challenging "all [his] DR's[,]" which he allegedly received for refusing to "double bunk" or "stop [his] legal grievances." Id. at ¶ 8. Plaintiff alleges that "a history of widespread abuse" places the Secretary of DCF and Defendant Budz on notice of the issues, based on the actions of the "subordinates Mr. Emanoilids and Mr. Masony." Id. at 5. As relief, Plaintiff seeks expungement of "any and all DR [sic]" and a letter explaining such that he can show to the State judge presiding over his civil commitment case. Id. at 7.

### III.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a

claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).

The Supreme Court has soundly rejected the possibility of *respondeat superior* as a basis of liability in § 1983 actions. Monell v. Dep't of Soc. Serv., 436 U.S. 659, 690-692 (1978). Instead, supervisory liability can be imposed under § 1983 "either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). Absent personal participation by a defendant, a plaintiff must show an affirmative causal connection between the defendant's acts and the alleged constitutional deprivation. Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995). The causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so [,]" or when a custom or policy of the supervisor results in deliberate indifference to constitutional rights. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)(quoting Gonzalez v. Reno, 325 F.3d

1228, 1234 (11th Cir. 2003)). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671. Alternatively, facts supporting an inference that the supervisor directed the subordinates to act unlawfully or knew that they would do so and failed to stop them establishes a causal connection. Cottone, 326 F.3d at 1360 (quoting Gonzalez, 325 F.3d at 1234) (remaining citations omitted).

**IV.**

The Court finds that Complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Even liberally construing the facts alleged in the Complaint, the Court cannot conceive of any violation of Plaintiff's federal constitutional rights.

Here, the Amended Complaint contains mostly conclusory allegations.[3] It is entirely unclear how either Defendants Emanolidis or Masony are casually connected to the alleged constitutional deprivation caused by issuance of the "PRG-11 policy" regarding imposition of disciplinary reports. The Amended

---

[3] An example of a conclusory allegation: "Secretary Ms. Hadi, Administrator Mr. Budz, liability exist only where (1) there is subordinates Mr. Emanoilidis, Mr. Masony liability, and (2) the Secretary and Administrator action or inaction was affirmatively linked to the constitutional violation caused by the subordinates Mr. Emanoilidis, Mr. Masony [sic]." Amended Complaint at ¶3.

Complaint neither alleges that Plaintiff did not have notice of any rule infractions, nor does it challenge any disciplinary proceedings he had related to the disciplinary reports. Instead, Plaintiff challenges DCF's and GEO's authority to promulgate rules at the FCCC. As mentioned above, the Florida legislature enacted the SVP Act in order to civilly detain sexually violent predators in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Fla. Stat. § 394.917(2). The Act expressly provides that DCF may "contract with a private entity . . . for operation of facilities." § 394.9151. Thus, the Florida legislature has given authority to DCF to contract with GEO to operate the FCCC via State statute, which has been deemed constitutional. See Despart v. Kearney, Case No. 2:02-cv-4-FtM-29DNF, 2006 WL 2789007 *6 (M.D. Fla. 2006)(discussing constitutionality of Florida's Jimmy Ryce Act, now known as the SVP Act).

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Amended Complaint is **dismissed** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this ___15th___ day of August, 2012.

                                              JOHN E. STEELE
                                              United States District Judge

SA: alj
Copies: All Parties of Record